IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| **HELEN H. LOCKETTE,** | : | |
| | : | |
| Plaintiff/Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 1:05-cv-39(HL) |
| | : | |
| **THE CITY OF ALBANY, GEORGIA,** | : | |
| **LEMUEL EDWARDS**, Individually and | : | |
| in his capacity as Interim City Manager | : | |
| of the City of Albany, Georgia, and | : | |
| **SHIRLEY SMITH**, Individually and | : | |
| in her capacity as Finance Director | : | |
| of the City of Albany, Georgia, | : | |
| | : | |
| Defendants/Respondents. | : | |

## ORDER

After she was reprimanded by her employer, the City of Albany, Plaintiff/Petitioner, Helen H. Lockette, petitioned the Superior Court of Dougherty County, Georgia, via writ of certiorari, to set aside the reprimand. Defendants/Respondents, the City of Albany, Georgia, Lemuel Edwards, and Shirley Smith, removed the Petition to this Court. The matter is now before the Court on the Motion to Remand [doc 8] of Plaintiff/Petitioner. The Court grants the Motion to Remand for the reasons set forth below.

<u>The Writ of Certiorari in Georgia</u>

Title Five of the Official Code of Georgia, which is entitled "Appeal and Error," sets forth, among other things, the procedure for petitioning for certiorari in the superior courts of Georgia. *See* O.C.G.A. §§ 5-4-1 to 5-4-20 (Michie 1995). Specifically, the Code provides as follows: "The writ of certiorari shall lie for the correction of errors committed by any inferior

judicatory or any person exercising judicial powers . . . ." O.C.G.A. § 5-4-1(a) (Michie 1995). Courts construing the certiorari provisions have concluded that a city manager's employment decisions are subject to review by petition for writ of certiorari. *See, e.g.,* Salter v. City of Thomaston, 409 S.E.2d 88, 89 (Ga. Ct. App. 1991) (holding that employment decisions of a city manager are quasi-judicial in nature and thus subject to review by petition for writ of certiorari).

The Code also sets forth the procedure for petitioning for certiorari, directing as follows:

> When either party in any case in any inferior judicatory or before any person exercising judicial powers is dissatisfied with the decision or judgment in the case, the party may apply for and obtain a writ of certiorari by petition to the superior court for the county in which the case was tried, in which petition he shall plainly and distinctly set forth the errors complained of.

O.C.G.A. § 5-4-3 (Michie 1995). The matter may be tried to a jury at the request of either party. O.C.G.A. § 5-4-11 (Michie 1995). However, the scope of review of a petition for certiorari is "limited to all errors of law and determination as to whether the judgment or ruling below was sustained by substantial evidence." O.C.G.A. § 5-4-12(b) (Michie 1995). The Supreme Court of Georgia has declared that "[t]he writ of certiorari ordinarily furnishes a full and adequate remedy at law for the correction of errors in decisions by municipal corporations, courts or councils, rendered in the exercise of judicial powers." Ballard v. Mayor & Council of Carrollton, 22 S.E.2d 81, 83 (Ga. 1942).

A successful petitioner on writ of certiorari is entitled to recover costs. O.C.G.A. § 5-4-16 (Michie 1995). If the case is dismissed by the superior court, or if the case is sent back to the tribunal below and the respondent obtains judgment in the case, then the respondent may recover his costs. O.C.G.A. § 5-4-17 (Michie 1995). In addition, a respondent may recover

damages for a certiorari petition deemed frivolous. O.C.G.A. § 5-4-18 (Michie 1995). There is no provision for the recovery of damages by the petitioner, however.

The Petition for Certiorari in this Case

The case that was removed from the Superior Court of Dougherty County, Georgia, to this Court was styled as a "Petition for Certiorari." A jury demand was made on the face of the Petition and as part of the relief requested. In addition to naming the City of Albany, Georgia, as a Defendant/Respondent, Lockette also named as Defendants/Respondents Lemuel Edwards, in his individual capacity and in his capacity as Interim City Manager, and Shirley Smith, in her individual capacity and in her capacity as City Finance Director. Under the "Relevant Facts" portion of the Petition, Lockette, who at the time of the reprimand was the City's Manager of Risk Management Services, detailed the events that led up to her reprimand on January 26, 2005. (Pet. ¶¶ 4-19.) The Petition also details events that followed from the reprimand, including Lockette's reluctance to discuss her situation with the local newspaper. (Pet. ¶¶ 20-23.) The Petition also details the steps Lockette took to appeal the reprimand. (Pet. ¶¶ 24-25.)

In Count I of the Petition, Lockette sets forth the bases for her claim that the reprimand was unlawful, detailing the ways in which the actions of Respondents served to violate rights protected by the 1983 Constitution of Georgia. (Pet. ¶¶ 26-34.) In Count II, Lockette states as follows: "Plaintiff hereby sets forth *as a separate cause of action* pursuant to 42 U.S.C. Section 1983 this claim for violations of her rights as guaranteed by the **United States Constitution.**" (Pet. ¶ 36 (italics added, bold in original).) The Petition then details the ways in which the actions of Respondents allegedly violated the United States Constitution. (Pet.

3

¶¶ 37-48.) Lockette then notes that Respondents' conduct has "forced Petitioner to seek the intervention of this Court in order to redress her rights and prevent her unlawful termination by Defendants/Respondents." (Pet. ¶ 48.) Finally, in her prayer for relief, Lockette seeks the following:

>  (a) A trial by jury of all issues;
>  (b) Judgment declaring Defendants/Respondents' policies, standards and practices set forth in this Petition both facially and as applied to Petitioner, violate Petitioner's enumerated rights as guaranteed by the 1983 Constitution of Georgia, and the United States Constitution.
>  (c) Such equitable relief as provided *under Georgia law*, including but not limited to expungement from her personnel file of the reprimand in question;
>  (d) Judgment for attorneys' fees and costs of litigation incurred as a result of Defendant/Respondents' bad faith, stubborn litigiousness, and actions causing Petitioner unnecessary trouble and expense;
>  (f)[1] Judgement for reasonable attorneys' fees and costs pursuant to 42 U.S.C. Section 1983 and 42 U.S.C. [sic] 1988; and
>  (g) Such other and further relief as is just and proper.

(Pet. at 17 (italics added).) Absent from the Petition is any request for damages or any request for injunctive relief under § 1983.

## The Motion to Remand

The Petition was filed in the Superior Court of Dougherty County, Georgia, on March 3, 2005. Defendants/Respondents timely removed the case from the superior court to this Court, alleging federal question jurisdiction on the basis of the 42 U.S.C.A. § 1983 challenges presented in the Petition. On April 14, 2005, Petitioner filed the Motion to Remand at issue here.

---

[1] There is no paragraph lettered "(e)."

4

In the Motion to Remand, Plaintiff/Petitioner maintains she is proceeding under theories created under state law, noting in particular that the writ of certiorari is uniquely a state law proceeding. (Mem. Supp. Mot. at 11-12.) Additionally, she notes that the "scope of the relief to be granted will also be controlled by the procedure that the State of Georgia has created to pursue a Writ of Certiorari." (Mem. Supp. Mot. at 13.)

In opposing the Motion to Remand, Defendants/Respondents focus, not unreasonably, on Count II of the Petition, in which Lockette "sets forth as a *separate cause of action* pursuant to 42 U.S.C.[A.] [§] 1983 this claim for violations of her rights as guaranteed by the United States Constitution." (Pet. ¶ 36 (italics added).) Defendants/Respondents argue that because Lockette "explicitly alleges a federal claim in her Complaint [2], the remainder of Plaintiff's analysis is inapposite to the circumstances of this case." (Resp. Opp'n Mot. Remand at 3-4.)

If this Court were to view Plaintiff/Petitioner's references to § 1983 in isolation, as Defendants/Respondents have done, the Court would be persuaded by Defendants/Respondents' arguments. The Court agrees with Defendants/Respondents as to the general rule that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987). However, the Court finds that no federal question is presented on the face of the Petition at issue here.

---

[2] Despite the fact that Plaintiff/Petitioner styled her initial pleading as a Petition for Certiorari, Defendants/Respondents have elected to refer to the document as a "Complaint." (Resp. Opp'n Mot. Remand at 3 n.1.)

Viewing the Petition as a whole, the Court is of the opinion that it presents a request for review, in the form of a writ of certiorari, from a decision of the City to the Superior Court of Dougherty County. One of the grounds of error alleged in the Petition is that the City's actions violated 42 U.S.C.A. § 1983. Although the Petition contains language in Count II about a separate cause of action under § 1983, it appears to the Court that the Petition merely requires the reviewing court to interpret § 1983 to determine whether the City committed error in its handling of Lockette's case. This conclusion is supported by both the relief requested and the limitations placed on writs of certiorari by Georgia law.

As noted previously, the Petition does not seek relief in the form of damages but does ask for a determination that the Defendants/Respondents' policies violate Plaintiff/Petitioner's rights under the 1983 Constitution of Georgia and the United States Constitution. The prayer for relief also includes a request for "such equitable relief as provided *under Georgia law*," as well as attorney's fees for bad faith and attorney's fees pursuant to § 1983 and 42 U.S.C.A. § 1988. (Pet. at 17 (italics added).) Thus, except for the request for attorney's fees under §§ 1983 and 1988, the relief sought is of a type that would be available to a plaintiff even absent a cause of action under § 1983.

Furthermore, Georgia case law suggests that a writ of certiorari is not a proper means by which to raise other causes of action. For example, in City of Atlanta v. Jackson, 435 S.E.2d 212 (Ga. 1993), the Supreme Court of Georgia held that where the writ of certiorari provided an adequate legal remedy for review of a county board's authority, the petitioner on the writ could not also seek equitable relief. Id. at 214. The appellate court thus upheld the superior

6

court's decision to dismiss the second count of the petition which sought declaratory and injunctive relief concerning the board's decision. Id.

In concluding in Jackson that equitable relief was not available to petitioner, the supreme court relied on its earlier decision in Wilson v. Latham, 181 S.E.2d 830 (Ga. 1971). In Wilson, the court found that the trial court should have granted the motions to dismiss of city employees who were sued in their official and individual capacities as a result of personnel decisions made against plaintiffs. The supreme court stated:

> Since the complaints of appellees were brought against the city employees in their official capacities and in their individual capacities, the rule as to certiorari being the only review available in these cases must govern because there is no way to divide the cases into divisions and have one kind of review for official conduct and another for individual conduct reviewed in a judicial or quasi-judicial capacity.

Id. at 833.

As the foregoing cases suggest, other causes of action or forms of relief may not be pursued within the writ of certiorari. Thus, the superior court might find that it would not be appropriate for Lockette to bring a separate § 1983 cause of action within the Petition here. Moreover, despite some ill-chosen language used in the Petition, it does not appear to the Court that Lockette intended to bring a separate claim under § 1983 but merely intended to identify violations of the federal statute as a basis for her claim that the conduct of Defendants/Respondents was wrongful. As the United States Court of Appeals for the Eleventh Circuit has held, the "fact that a court must apply federal law to a plaintiff's claims or construe federal law to determine whether the plaintiff is entitled to relief will not confer federal subject

matter jurisdiction–the implicated federal issue must be *substantial*." Dunlap v. G&L Holding Group, Inc., 381 F.3d 1285, 1291-92 (11th Cir. 2004).

Here, the federal claims are not substantial. Rather, the cause of action is a uniquely state remedy for writ of certiorari to the superior court, resolution of which could turn on a conclusion that the conduct in question was in violation of federal law. However, the fact that the superior court may look to federal law to determine whether to grant the relief sought by Lockette does not confer subject matter jurisdiction on this Court.

## Conclusion

The Court finds that the Petition at issue here is not a civil action as to which the Court has original jurisdiction. Accordingly, the action was improperly removed from the Superior Court of Dougherty County. The Motion to Remand of Plaintiff/Petitioner is granted. Plaintiff/Petitioner's request for costs incurred as a result of the removal, made within the Motion to Remand, is denied. This case is hereby remanded to the Superior Court of Dougherty County.

**SO ORDERED**, this the 11th day of August, 2005.

                                           **s/   Hugh Lawson**
                                           **HUGH LAWSON, JUDGE**

mls